

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-14-444

| | |
|---|---|
| JULIAN AUSTIN CALFY<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** March 11, 2015<br><br>APPEAL FROM THE YELL COUNTY CIRCUIT COURT<br>[NO. 75NCR-12-25]<br><br>HONORABLE DAVID H. MCCORMICK, JUDGE<br><br>AFFIRMED |

### M. MICHAEL KINARD, Judge

Julian Austin Calfy brings this appeal from his conditional guilty plea to terroristic threatening and criminal possession of explosive material. Appellant argues that the trial court erred in denying his motions to suppress. We find no error and affirm.

Appellant was sixteen years old when the alleged offenses occurred. On October 4, 2012, a hearing was held on several motions, including his motion to transfer his case to juvenile court and his motion to suppress evidence. Dardanelle Police Chief Monte Sims and Officer Lonnie Moore testified that they had received information that appellant had made threats about attacking his high school. Appellant was summoned from class and was found to have a weapon. He was transported to the police station for questioning. The officers testified about the interview of appellant and the subsequent search of his backpack and residence.

After hearing arguments, the trial court found that under his conditions of juvenile

probation, appellant had agreed to searches of himself and his residence and that his possession of a knife was a violation of probation. The court denied appellant's motion to suppress. Appellant's motion to transfer his case to juvenile court was also denied. Appellant lodged an interlocutory appeal of the denial of transfer, and this court affirmed. *See J.A.C. v. State*, 2013 Ark. App. 513. Appellant subsequently filed additional motions to suppress. He renewed his previous arguments and made new arguments in support of his motions at two hearings. The motions were denied, and appellant entered his conditional guilty plea.

In reviewing the denial of a motion to suppress evidence, our appellate courts conduct a de novo review based upon the totality of the circumstances, reviewing findings of historical facts for clear error and determining whether those facts give rise to reasonable suspicion or probable cause, giving due weight to inferences drawn by the circuit court. *Franklin v. State*, 2010 Ark. App. 792, 378 S.W.3d 296. We defer to the superior position of the circuit court to pass upon the credibility of witnesses and reverse only if the circuit court's ruling is clearly against the preponderance of the evidence. *Id.*

Appellant argues that his statement to police should have been suppressed for a multitude of reasons. First, he claims that his statement was the fruit of an illegal arrest because with no specific people or places mentioned in his alleged threats, the police lacked probable cause to arrest him for terroristic threatening. He also claims that he was denied his right to counsel during the interrogation; that he was unable to intelligently waive his *Miranda* rights as a juvenile; that he should not have been questioned without his attorney or mother present; that he did not fully understand the circumstances of the questioning; and

that his statement was obtained through coercion, physical intimidation, and unauthorized promises of leniency by the police. None of these arguments are preserved for our review. When an appellant has raised multiple arguments in his motion to suppress, we will refuse to reach the merits of those arguments that were not specifically ruled upon by the trial court in denying the motion. *See Eastin v. State*, 370 Ark. 10, 257 S.W.3d 58 (2007). Even when an issue was raised in a written motion to suppress, if it is not developed, either factually or legally, during the hearing on the motion and the appellant fails to obtain a clear ruling on the issue, the issue is not preserved. *Id*. Although some of appellant's arguments were raised below, he failed to obtain rulings on these specific issues. Thus, we are precluded from addressing these issues on appeal.

Appellant next argues that evidence seized from his home should have been suppressed because it was obtained pursuant to an illegal search. Appellant lists several rules that he claims the search of his home violated, but he has failed to develop any argument addressing the application of these rules to the facts. He does argue that the household items seized from his home as evidence did not amount to explosives. This is essentially an argument that the evidence was insufficient proof of criminal possession of explosive materials, which is not a proper basis for appeal following a conditional guilty plea. *See* Ark. R. Crim. P. 24.3(b). We find no error in the trial court's denial of appellant's motions to suppress.

Appellant's final argument is that the trial court abused its discretion in denying his motion to transfer the case to juvenile court. As stated previously, this ruling has already



been appealed and affirmed by this court, and it is not properly before us now.

Affirmed.

GLADWIN, C.J., and BROWN, J., agree.

*Jouett Law Firm*, by: *Jason Andrew Jouett*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.